This is a suit brought by the Attorney-General in the name of the State of New Jersey against Commercial Trust Company of New Jersey, a banking institution of this state, and certain depositors in that bank whose accounts have remained dormant for twenty years or more. The suit is brought pursuant to an act entitled "An act providing for the escheat of unclaimed bank deposits" known as chapter 199 of the laws of 1945 as amended and supplemented by chapter 78 of the laws of 1946, and the bill of complaint seeks a decree declaring that bank accounts therein enumerated have escheated to the state. The defendant bank has filed an answer and answer in lieu of plea by which it denies that certain of the bank accounts listed in the bill of complaint, one in the name of a corporation, others in the names of estates and fiduciaries and two others in the names of makers of certified checks, are subject to escheat within the contemplation of the statute. The questions before me arise on the state's motion to strike the answer and answer in lieu of plea on grounds which require examination and construction of the statute.
The first section of the statute is a definition of the word "bank."
The second section defines what is meant by an "unclaimed bank deposit." It states the meaning to be and include an unpaid balance of money to the credit of a depositor in any *Page 14 
demand or time deposit account which after twenty years has remained unclaimed (exclusive of certain excepted and listed accounts, none of which is pertinent here).
Section 3 provides that the depositor to whose credit such an account stands shall be presumed to have died intestate without surviving spouse or next of kin and that such unclaimed bank deposit shall be subject to escheat.
Sections 4, 5 and 6 relate to procedure. Every bank having any unclaimed bank deposits shall advertise a notice entitled "Notice of the names of persons appearing as the owners of unclaimed amounts held by (name of bank)" and file with the State Treasurer a list of all unclaimed deposits held by it. It shall be the duty of the Attorney-General to institute suit in this court in the name of the state for escheat of such unclaimed bank deposits naming as defendants the bank, the depositors to whose credit the unclaimed bank deposits stand and any others whom the Attorney-General may have reasonable cause to believe may have or claim any right, title or interest therein. Subpoena to answer shall issue to all defendants and if returned not served, such defendant shall be deemed an absent defendant against whom an order shall issue, and be published, to answer the bill in default of which a decree will be taken against such absent defendant. If no answer be filed the court shall decree (section 6 (f)) that the depositors entitled to such unclaimed bank deposit shall be presumed to be dead intestate without surviving spouse or next of kin and that such unclaimed bank deposits have escheated to the state and are the property of the state, and order the bank to pay the same to the State Treasurer.
Section 7 provides that upon payment by the bank to the State Treasurer of unclaimed bank deposits, all liability of the bank to the depositor and his next of kin, surviving spouse, executors, administrators, assigns and all others having any right, title or interest in or to the same shall cease and be at an end.
The further relevant provisions of the act are that the State Treasurer shall keep records of all escheated unclaimed bank deposits. He shall credit 75% of the amount thereof to the general funds of the state and maintain 25% thereof in a *Page 15 
reserve fund out of which he shall pay allowed claims of any one seeking payment therefrom.
The statute being in derogation of the claims of rightful owners to money in bank standing in their names, should be strictly construed. It should not be given a construction beyond what appears to be its natural meaning to be gathered from the words or phrases used or what the legislature intended. To ascertain the legislative intent the whole and every part of the statute must be taken and compared together. Of course the reason for and the necessity of the law are to be considered and the intention is to be taken or presumed according to what is consonant to reason and good discretion. In re Merrill, 88 N.J. Eq. 261; Pine v. Okzewski, 112 N.J. Law 429.
The answer does not attack the constitutionality of the statute, at least so far as it relates to the right of the state to escheat unclaimed bank deposits standing in the names of individual owners. The attack is based first on the contention that no provision of the statute specifically applies to corporations and fiduciaries and that from a reading of the statutory provisions it appears that the statute was not intended to apply to corporate bank accounts or to accounts standing in the name of estates or in the name of fiduciaries, and second that as to such accounts the statute is deficient in its provisions for notice to those who are beneficially interested in the money on deposit in those accounts and thus fails to give them an opportunity for hearing; hence those beneficial interests cannot be bound by any proceedings thereunder and therefore the defendant bank may not be discharged from liability for those accounts by payment of the deposits to the State Treasurer.
As to the first ground of attack. Section 2 of the statute merely defines what is meant by "unclaimed bank deposit" and section 3 provides that the depositor to whose credit such an account stands shall be presumed to have died intestate without surviving spouse or next of kin and that such unclaimed bank deposit shall be subject to escheat. The words used in section 3 have a clear and unmistakable meaning. They appear to disclose a legislative intent that the statute *Page 16 
shall apply only to an unclaimed bank deposit standing in the name of an individual and not to an account standing in the name of a corporation, because a corporation cannot die intestate with no surviving spouse or next of kin, and further that the statute was not intended to apply to unclaimed bank deposits standing in the name of an estate, an administrator, executor, guardian or trustee, because the death intestate without spouse or next of kin of a fiduciary in whose name an account stands cannot divest the beneficiaries who (and not the fiduciary) are the real owners of such an account. The same legislative intent appears in sections 6 (f) and 7 where language is used which is applicable only to individuals who are depositors, and it is to be noted that in section 7, which speaks of "the depositor," the pronoun "his," which can refer only to an individual, is used. The form in which accounts were opened in the name of a corporation and in the name of fiduciaries is, as a matter of law, notice to the Attorney-General that in the one case creditors and stockholders of a corporation and in the other beneficiaries under such fiduciary relation are the true persons interested in such accounts and therefore the Attorney-General has reasonable cause to believe that others than the corporation and the fiduciaries may have or claim a right, title or interest therein whom, under section 6 (c), he is required to name as defendants in his bill of complaint so that they may receive notice of the escheat proceedings and have an opportunity to defend against the state's attempt to seize their property.
As to the second ground of attack. The only notice that creditors and stockholders of the corporate depositor and the beneficial owners of the fiduciary accounts receive of proceedings to escheat the moneys in which they have an interest is that section 4 of the statute provides that the defendant bank shall advertise a notice wherein shall be listed the name of each person to whose credit an unclaimed bank deposit stands and in the bill filed by the Attorney-General to escheat such bank deposits, the depositors as their names appear on the bank's list furnished to the State Treasurer are named as defendants. If service of subpoena cannot be made on the defendants so named, the defendants are treated as absent *Page 17 
defendants and notice as to them, in the same names, is required to be published. Thus the true owners of corporate and fiduciary accounts are not named in the list of unclaimed bank deposits the bank is required to publish, or in the bill of complaint or in the notice to be published as to absent defendants.
In Starr v. O'Connor (C.C.A. 6th), 118 Fed. Rep. 2d548, it was held that inactive bank accounts of corporations, associations or partnerships were not subject to escheat under Michigan statutes providing for escheat of dormant bank deposits "by reason of the owner thereof dying intestate and leaving no legal heir" and that under those statutes only accounts of natural persons could be subject to escheat. Likewise it was held that the Michigan statutes were not intended to apply to certified checks and similar instruments evidencing the immediate liability of the bank. It must be said, however, that that holding was not necessary because the court held on the main proposition in that case that the Michigan statutes were invalid as an unlawful interference with the liquidation of national banks, which main proposition did not receive the sanction of the United States Supreme Court in Anderson National Bank v.Luckett, 321 U.S. 233.
Two of the so-called unclaimed bank deposits included in the list furnished by the bank to the State Treasurer and in the list of defendants in the bill of complaint, represent outstanding checks drawn by depositors against their accounts in defendant bank and certified by the bank more than twenty years ago. UnderR.S. 7:4-4 and 5 and R.S. 7:5-7 certification of those checks discharged the makers from liability for payment thereof and created a direct obligation of defendant bank to the payees or holders of the checks. Such certified checks are negotiable instruments and constitute the bank's obligation to pay the holder on presentation thereof. In this suit the makers of those checks are named as defendants and proceedings against them will not constitute notice to the payees or holders thereof, so that the claim of the state to escheat the amounts of those checks is asserted without due process as against those persons who may bebona fide holders thereof in due course. Further the theory of the statute is *Page 18 
the right to escheat sums of money the defendant bank owes to a depositor, being an obligation enforceable by the depositor against the bank, but since the bank's obligation on those checks is not to the depositor (maker) and since they were issued more than twenty years ago, the statute of limitations may have run against the holder thereof and in favor of defendant bank and its liability under its certification may have terminated and no right of action against the bank will lie. The question of when the statute of limitations runs against a certified check has, so far as I have been able to ascertain, not been decided in this state. In any event the checks are direct obligations of the bank to the holder thereof and they cannot be said to constitute "an unpaid balance of money to the credit of a depositor in any demand or time deposit account" to which section 2 of the statute alone applies.
I conclude that the motion to strike the answer and answer in lieu of plea filed by defendant bank should be denied because it sets up what I regard as a complete and valid defense to the state's claim based on the statute to escheat corporate, estate and fiduciary bank deposits as well as to escheat the amounts of outstanding certified checks. *Page 19